**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JULIE RENEE' ZAPOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:22-cv-80-RAH-CWB** |
| | ) | |
| **FREDERICK C. FLANDRY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.    Introduction**

Julie Renee' Zapor, appearing *pro se*, filed this action on February 14, 2022 against Frederick C. Flandry, Jack Hughston Memorial Hospital, and Hughston Clinic.  (Doc. 1). Along with her Complaint, Plaintiff also sought leave to proceed *in forma pauperis*.  (Doc. 2). Referral then was made to the Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." (Doc. 5).  On March 18, 2022, *in forma pauperis* status was granted and service of process was deferred pending a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915(e).  (Doc. 7).

By Order entered December 23, 2022, Zapor was informed that the Complaint was "deficient under Rules 8, 9, and 10 to state a claim upon which relief can be granted" in that it "simply included a list of potential causes of action without either stating or connecting any underlying facts." (Doc. 10 at p. 3).  In affording an opportunity to replead, the undersigned thus stated that Zapor "must focus on providing 'a short and plain statement' of facts that would permit the defendants to file a meaningful response." (*Id*. at p. 4).  Zapor was further instructed that she "must clarify which facts support claims against which of the defendants" and that she "may not

assert claims against 'all defendants' without identifying the specific factual allegations against each defendant involved." (*Id*.). Zapor additionally was instructed that she should "number the amended complaint's paragraphs to comply with Rule 10(b)," "set out each cause of action in a separate count," and "articulate the basis for this court's jurisdiction." (*Id*.).

In the concluding section of the December 23, 2022 Order, Zapor was directed to file an Amended Complaint meeting the following specific requirements:

    a. the Amended Complaint must include a short and plain statement of Plaintiff's claim(s) and identify any federal cause(s) of action under which Plaintiff brings her claim(s) <u>or</u> allege sufficient facts to support diversity jurisdiction;

    b. the Amended Complaint must clearly identify the applicable federal, state, or local law or laws within each claim asserted;

    c. the Amended Complaint must contain specific factual allegations about each defendants' conduct (*i.e.*, what actions each defendant took that constitute the claims(s) being alleged by Plaintiff), clearly indicating which specific factual allegations provide support for which claim(s) against which of the defendants and noting the relevant dates of all such actions;

    d. the Amended Complaint must be set out in numbered paragraphs, each limited as far as practicable to a specific set of circumstances, and each claim founded on a separate transaction or occurrence must be stated in a separate count;

    e. the Amended Complaint must contain a demand for relief;

    f. the Amended Complaint must exclude all generalized and immaterial facts, statements, and allegations not specifically related to Plaintiff's claim(s) for relief; and

(*Id*. at pp. 4-5).

Zapor failed to file an Amended Complaint by the imposed deadline. She did, however, submit a letter to the court dated January 2, 2023 (Doc. 11) in apparent response to the Order. Upon review, the undersigned finds the letter non-compliant with the prior pleading instructions and insufficient to avoid dismissal.

2

## II.    Legal Standard

Because Zapor's request to proceed *in forma pauperis* was granted, the court is authorized to engage in a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915(e), which provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous[1] or malicious, (ii) fails to state a claim on which relief may be granted;[2] or (iii) seeks monetary relief against a defendant who is immune from such relief."  *See* 28 U.S.C. § 1915(e)(2)(B).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint satisfy three elements.  First, the complaint must provide "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."  Fed. R. Civ. P. 8(a)(1).  Second, the complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  And third, the complaint must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a)(3).

---

[1]    A claim is frivolous when it "has little or no chance of success"—that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citation omitted).

[2]    Whether a plaintiff has failed to state a claim upon which relief can be granted is evaluated by the same standard as dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007).  To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  A claim is plausible if the factual content pled "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  Moreover, courts do not consider "any allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

Rule 9(b) of the Federal Rules of Civil Procedure further provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  That standard is more stringent than the general Rule 8(a) requirements.  *See Carvelli v. Ocwen Fin. Corp.*, 934 F.3d 1307, 1317 (11th Cir. 2019) (noting Rule 9(b) is a "heightened pleading standard").  To satisfy Rule 9(b), a plaintiff must "plead the who, what, when, where, and how" the fraud or mistake purportedly occurred.  *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008).

Rule 10 of the Federal Rules of Civil Procedure additionally requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count … ."  Fed. R. Civ. P. 10(b).

The overall effect of those pleading requirements is that a complaint must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555. While plausibility "does not require 'detailed factual allegations' … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A complaint will not pass muster if it merely "offers labels and conclusions or a formulaic recitation of the elements of a cause of action," or if it "tenders naked assertion[s] devoid of further factual enhancement."  *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are to be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Nonetheless, a *pro se* complaint still "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And it has been made clear that a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). It is further recognized that a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## III.   Discussion

Here, the Complaint fails to state a claim upon which relief can be granted. The face of the Complaint reflects that Zapor simply listed potential causes of action without connecting them to any underlying facts. (Doc. 1 at pp. 1-2). The request for relief similarly enumerates causes of action rather than stating what Zapor seeks to recover. (*Id.* at p. 2). Such "unadorned, the-defendant-unlawfully-harmed-me" allegations are woefully inadequate to state a claim. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The January 2, 2023 letter (Doc. 11) does not purport to amend the Complaint and does not comply with the court's December 23, 2022 Order. Not only does the letter fail to set forth "specific factual allegations about each defendant's conduct," it does not reference any of the defendants at all. It instead appears from the letter that Zapor is attempting to raise issues regarding the manner in which her trial in 3:18-cv-00954-KFP was conducted, *i.e.*, that her service dog allegedly was not permitted into the courtroom and that she allegedly was not allowed to take notes. (Doc. 11 at p. 1). It further appears that Zapor is requesting a new trial as opposed to

asserting new claims against the identified defendants.  (*Id.*).

Pursuant to Rule 59 of the Federal Rules of Civil Procedure, "[a] motion for new trial must be filed no later than 28 days after the entry of judgment."  Fed. R. Civ. P. 59(b).  A review of the record in 3:18-cv-00954-KFP reflects that the date of final judgment was November 19, 2021 and that no post-judgment motion was filed by Zapor in that action.  For Zapor to attempt to raise her arguments for new trial by commencing this separate action in February 2022 was both procedurally improper and untimely.

The defendants named in this action are identified as Frederick C. Flandry, Jack Hughston Memorial Hospital, and Hughston Clinic.  Nothing in the Complaint or the subsequent letter dated January 2, 2023 reasonably can be construed as setting forth "a short and plain statement of the grounds for the court's jurisdiction" against any of those defendants or "a short and plain statement of the claim showing that [Zapor] is entitled to relief" as to any of those defendants.  Because Zapor has not "state[d] a claim to relief that is plausible on its face," she cannot be permitted to proceed in this action.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## IV.    Conclusion

For the reasons stated above, the Magistrate Judge RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE.

It is hereby ORDERED that objections to this Recommendation must be filed on or before February 1, 2023, the parties may file written objections to this Recommendation.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 18th day of January 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**